UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John Jabbar Greene,<br><br>               Plaintiff,<br><br>vs.<br><br>Noel W. Smith, Investigator of the Georgetown Sheriff's Office; State of South Carolina; and Lt. W. Pierce, individually and in their official capacities,<br><br>               Defendants. | C/A No. 4:09-1075-HMH-TER<br><br>REPORT AND<br>RECOMMENDATION |

The plaintiff, John Jabbar Greene ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names as defendants employees of the Georgetown County Sheriff's Office, as well as the State of South Carolina.[2] Plaintiff's claims are based on actions taken in relation to his arrest and prosecution in State court criminal proceedings. Plaintiff seeks monetary damages, as well as declaratory and injunctive relief. The complaint should be dismissed without prejudice in this case.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915 and § 1915A. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972);

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978). The complaint in this case has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B)(i-iii).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976), *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a pleading to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Discussion

Plaintiff files a lawsuit pursuant to 42 U.S.C. § 1983 against the State of South Carolina and law enforcement officers involved in the investigation of a crime, for which Plaintiff was arrested. A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). The § 1983 civil rights statute "'is not itself a source of substantive rights,' but merely

provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), *quoting Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The complaint claims false arrest and malicious prosecution in violation of Plaintiff's rights under the Fourth Amendment. Plaintiff alleges that on January 18, 2008, a shotgun was "collected, processed, an analysized by Lt. W. Pierce and Inv. Noel W. Smith," of the Georgetown County Sheriff's Office, which was believed to be used in a crime. The complaint alleges irregularities in the process because the shotgun was not sent to the South Carolina Law Enforcement Division ("SLED") for analysis. Defendant Noel Smith, an investigator with the Georgetown County Sheriff's Office, "allegedly retrieved" Plaintiff's "D.N.A. off said weapon," and using "inculpatory evidence," obtained warrants for Plaintiff's arrest. The complaint claims "fabricated evidence; made up inculpatory evidence, extra judicial evidence and a defective chain of custody" resulted in violation of Plaintiff's Due Process rights under the Fourteenth Amendment. The complaint further claims violation of Plaintiff's rights under the Sixth Amendment by "defendant Georgetown County officals [sic]" for failure to "provide adequate counsel." Plaintiff also alleges "defendant Georgetown County acting under color of state law intentionally inflicted emotional distress; grate humiliation; slander; failure to follow obvious and apparent leads which implicated other individual's," and "constituted" cruel and unusual punishment under the Eighth Amendment.

The complaint does not reveal the outcome of the criminal proceedings following Plaintiff's arrest. At the time of filing the complaint, Plaintiff was detained in the Georgetown County

Detention Center and Plaintiff attached to the complaint a copy of a Notice and Motion to Suppress Evidence that he filed in the State criminal proceeding in March of 2009. Additionally, the complaint requests an "injunction ordering" defendants "to stop malicious prosecution" of Plaintiff "due to inculpatory evidence." It is inferred that State criminal proceedings are currently pending.

**State Criminal Proceedings**

The Fourth Amendment, applicable to States through the Fourteenth Amendment, "prohibits law enforcement officers from making unreasonable seizures, and seizure of an individual effected without probable cause is unreasonable." *Brooks v. City of Winston-Salem*, 85 F.3d 178, 183 (4th Cir. 1996) (citing *Graham v. Connor*, 490 U.S. 386, 396-97 (1989)). In as much as Plaintiff was arrested with a facially valid warrant, probable cause existed for his arrest. Under § 1983 "a public official cannot be charged with false arrest when he arrests a defendant pursuant to a facially valid warrant." *Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998); *Brooks v. City of Winston-Salem*, 85 F.3d at 181-82 (a public official cannot be charged with false arrest when he makes the arrest pursuant to a facially valid warrant). It is not the duty of the officers to assess guilt or innocence, but merely to serve the warrant.

> A reasonable division of functions between law enforcement officers, committing magistrates, and judicial officers – all of whom may be potential defendants in a § 1983 action – is entirely consistent with "due process of law." Given the requirements that arrest be made only on probable cause and that one detained be accorded a speedy trial, we do not think a sheriff executing an arrest warrant is required by the Constitution to investigate independently every claim of innocence, whether the claim is based on mistaken identity or a defense such as lack of requisite intent. Nor is the official charged with maintaining custody of the accused named in the warrant required by the Constitution to perform an error-free investigation of such a claim. The ultimate determination of such claims of innocence is placed in the hands of the judge and the jury.

*Baker v. McCollan*, 443 U.S. 137, 145-46 (1979) (footnote omitted). The Plaintiff attached to the

complaint copies of the arrest warrants at issue and they are facially valid warrants. Also attached to the complaint is a report from SLED dated March 28, 2008, indicating Plaintiff's DNA was identified on items provided. The arrest warrants for Plaintiff were signed by a judge on April 7, 2008, and delivered to Plaintiff on April 15, 2008.

To the extent that criminal proceedings are still pending against Plaintiff, absent extraordinary circumstances, federal courts are not authorized to interfere with a State's pending criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 44 (1971); *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 50-53 (4th Cir. 1989)(federal district courts should abstain from constitutional challenges to state judicial proceedings if the federal claims have been or could be presented in an ongoing state judicial proceeding). The essence of Plaintiff's claims are grounded in alleged mishandling of evidence. Plaintiff's claims concerning evidence used against him in his State criminal case, can and should be presented in the criminal case, not adjudicated in the federal courts while the criminal case is pending in State court. Plaintiff's allegations of irregularities in the handling of evidence, including the chain of custody, are evidence issues to be decided by the court in the State criminal proceedings. "[F]ederal courts should abstain from the decision of constitutional challenges to state action, however meritorious the complaint may be, 'whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests.'" *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d at 52, quoting *Hawaii Housing Authority v. Midkiff*, 467 U.S. 229, 237-38 (1984). The complaint does not present extraordinary circumstances and Plaintiff can present his claims challenging evidence in the State criminal proceedings brought against him. This Court should abstain from interfering with the State's pending criminal proceedings.

**<u>Defendants</u>**

If the Court does not dismiss this case, several Defendants should be dismissed. The Defendant State of South Carolina is immune from suit under the Eleventh Amendment, which divests this Court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts. The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. Amend. XI. The Eleventh Amendment confirmed the constitutional principle of sovereign immunity, which predates the Amendment. *See Alden v. Maine*, 527 U.S. 706, 728-29(1999). Although the Eleventh Amendment expressly forbids suits in federal court by citizens of other States against a State, the Amendment also bars suits against a State filed by it own citizens. *See Hans v. Louisiana*, 134 U.S. 1 (1890). A State must consent to suit in a federal district court, which serves to waive sovereign immunity. *See Lapides v. Board of Regents*, 535 U.S. 613 (2002). The Defendants, however, have not consented to suit in federal court. The Eleventh Amendment bars the plaintiff from suing the Defendant State of South Carolina in this Court and this Defendant should be dismissed.

The Defendant Lt. W. Pierce is mentioned in the statement of claims section with allegations that he "collected, processed, an analysized" a shotgun in relation to a crime. No further allegations are made against this Defendant. The complaint fails to state any allegations that Defendant Pierce violated Plaintiff's federal rights, thus fails to state a claim under § 1983. *Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994). Defendant Pierce should be dismissed as a defendant in this case.

The complaint names additional defendants on page two, which are not included in the

caption as parties, and which are not included in the statement of claims.[3] These individuals named as defendants have not been added to the docket as parties, but even if considered parties they should be dismissed. Although the Court must liberally construe the *pro se* complaint, Plaintiff must do more than list the names of individuals as defendants. The complaint fails to state any allegations against the individuals, which in turn, fails to state a claim. *Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994).

Similarly, the statement of claims section of the complaint mentions "Georgetown County" and "Georgetown County officials," but the County and officials are not identified as defendants anywhere in the complaint. Even if considered defendants, they should be dismissed as parties, because the complaint fails to state a claim under § 1983 against the county government. The complaint fails to allege any municipal "policy" or "custom" as the cause of an injury to Plaintiff. *Board of County Commissioners of Bryan County v. Brown*, 520 U.S. 397 (1997) (municipality may not be held liable under § 1983 solely because it employs tort-feasor; rather, plaintiff must identify municipal "policy" or "custom" that caused plaintiff's injury). In as much as the county government could be considered a defendant, the complaint fails to state a claim against the county government or unnamed county government officials.

**State Law Claims**

State law claims can be heard by this Court through the exercise of "supplemental jurisdiction," which allows federal courts to hear and decide state law claims along with federal law claims. *Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 387 (1998). ) The state law claims

---

[3] Additionally, the Plaintiff did not provide service papers for the individuals. Based on all of these facts, the complaint was construed as not suing these individuals.

must be "so related" to the federal law claims "that they form part of the same case or controversy." 28 U.S.C. § 1367(a). Federal courts are permitted to decline supplemental jurisdiction pursuant to subsection (c) of § 1367, if:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction

This Court should abstain and dismiss Plaintiff's § 1983 claims, over which it would have original jurisdiction, and decline to exercise supplemental jurisdiction over Plaintiff's state law claims under § 1367(c)(3). *See Lovern v. Edwards*, 190 F.3d 648, 655 (4th Cir. 1999) ("[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants.").

## **Recommendation**

Accordingly, it is recommended that the District Judge dismiss the complaint *without prejudice* and without issuance and service of process.

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

June 25, 2009
Florence, South Carolina

**The plaintiff's attention is directed to the notice on the following page**.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).